GLAZER, J.,
Before the court is a petition to mark judgment satisfied, released and discharged. This petition requires the court to determine *311 whether plaintiff, as judgment creditor of an insufficient judgment amount, timely filed its petition to establish the fair market value of real property acquired through a sheriff’s auction. For the reasons below, the court finds that plaintiff timely filed its petition.
Background and Discussion
Plaintiff, Conestoga Bank (the “bank”), loaned funds to defendant, Tioga Investments, II, LLC (the “borrower”). The loaned funds were secured by a mortgage against five distinct real properties located in Philadelphia, Pennsylvania. The complaint-in-confession-of-judgment asserts that borrower defaulted by failing to make payments to the bank when due.[1] The bank confessed judgment against borrower on March 5, 2013, in the amount of $739,924.81 (the “judgment amount”). On April 26, 2013, a writ of execution was issued: the writ required the Sheriff of Philadelphia County to levy against the aforementioned five mortgaged properties. A sheriff’s auction occurred on November 7, 2013, and the bank acquired the five properties for $300,000.00. The five properties acquired by the bank appear to have a combined value inferior to the full judgment amount of $739,924.81.
When a judgment creditor acquires real property through a sheriff’s sale, and that property is insufficient to satisfy the full amount of judgment, then the judgment creditor must adhere to the requirements contained in Title 42 of the Pennsylvania Consolidated Statues, § 8103. The pertinent provisions thereof state as follows:
(a) General rule. — Whenever any real property is sold ... to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment... *312 the judgment creditor shall petition the court to fix the fair market value of the real property sold....
[[Image here]]
(d) Action in absence of petition. — If the judgment creditor shall fail to present a petition to fix the fair market value of the real property sold within the time after the sale of such real property provided by section 5522 (relating to six months limitation), the debtor ... may file a petition ... setting forth the fact of the sale, and that no petition has been filed within the time limited by section 5522 to fix the fair market value of the property sold, whereupon the court, after notice as prescribed by general rule, and being satisfied of such facts, shall direct the clerk to mark the judgment satisfied, released and discharged.[2]
The aforementioned requirement that a judgment creditor shall petition the court within a six-month period is found in Title 42 of the Pennsylvania Consolidated Statutes, § 5522(b)(2), which states as follows:
(b) Commencement of action required. — The following actions and proceedings must be commenced within six months:
[[Image here]]
(2) A petition for the establishment of a deficiency judgment following execution and delivery of the sheriff’s deed for the property sold in connection with the execution proceedings referenced in the provisions of section 8103(a) (relating to deficiency judgments).
On August 22, 2014, the bank received delivery of the *313 deed to the five properties from the sheriff’s office. This deed, however, was incomplete because it did not contain the metes and bounds descriptions to some of the properties therein.[3] Consequently, the Sheriff of Philadelphia prepared and delivered to the bank a “Corrective Deed” on September 29, 2014. Subsequently, the bank filed a petition to fix the fair market value of the property acquired through the sheriff’s auction. Through this petition, the bank seeks an order that would fix the value of the five properties to an amount in satisfaction of the judgment amount of $739,942.81. The petition to fix the fair market value of the five properties was filed more than six months after delivery of the first, incomplete deed, but within six months after delivery of the subsequent, corrective deed.
On March 4, 2015, before the bank filed its petition to fix the fair market value of the properties, borrower filed the instant petition to mark the judgment satisfied, released and discharged, notwithstanding the deficiency in the value of the property as acquired by the bank. In its petition, borrower argues that the bank failed to file the petition to fix the real estate value of the property within the statutory period of six months, beginning on August 22, 2014 — the date of delivery of the first, yet incomplete deed. According to borrower, the six-month period for the filing of the petition began to run upon delivery of the first, incomplete deed, and not upon delivery of the second, corrective deed. Borrower asserts that the second, corrective deed “does not extend or limit existing record legal title or interest”[4]; therefore, the bank *314 lost its opportunity to establish a judgment deficiency by failing to timely file its petition within six months from delivery of the first deed. The court is not persuaded by this argument.
Pennsylvania allows the execution and delivery of a corrective deed. Pa. R.C.P. 3135(b) states:
[i]f the sheriff has ... executed a defective deed, including the erroneous description of the real estate, the court, upon petition of the purchaser... may correct the... deed....
Simply stated, a corrective deed is a deed; therefore, the bank was entitled to file its petition for the establishment of a fair market value of the auctioned properties within six months after delivery of the incomplete deed, but also within six months after delivery of the corrective deed. The bank did not file a petition to fix the fair market value within six months after delivery of the incomplete deed, but did file the petition within six months after delivery of the corrective deed. Therefore, the bank timely filed its petition, and borrower’s petition for an order marking judgment satisfied, released and discharged is denied.
Defendants, Tioga Investments, LLC and Yip-Yap Wong, appeals from this court’s order of April 17, 2015, in which the court denied defendants’ petition to mark judgment satisfied, released and discharged. In support of that order, the court provided an opinion, a copy of which is attached hereto. For the reasons contained in that order, the court respectfully requests that its April 17,2015 order be affirmed on appeal.
ORDER
And now, this 17th day of April, 2015, upon consideration of defendants’ petition to mark judgment *315 satisfied, discharged and released, plaintiff’s petition to establish fair market value of real estate, the respective answers in oppositions and memoranda of law, it is ordered as follows:
I. The petition of defendants Tioga Investments, LLC and Yip-Yan Wong to mark judgment satisfied, released and discharged is denied;
II. A hearing shall be held on May 11,2015 in courtroom 650, City Hall, Philadelphia, Pennsylvania, commencing at 11:00 a.m. addressing the matter presented by the petition to establish the fair market value of real estate of plaintiff, Conestoga Bank.

. Complaint, ¶ 13.

.42 Pa. Cons. Stat Ann. § 8103(a), § 8103(d) (West).

. Metes and bounds are defined a “[t]he territorial limits of real property a measured by distances and angles from designated landmarks and in relation to adjoining properties.” “BLACK’S LAW DICTIONARY 1005 (7th ed. 1999).

. Brief in support of petition to mark judgment satisfied, released and discharged pursuant to 42 Pa. C.S.A. § 8103(d), p.6 (citing 72 Pa. C.S.S. § 8103-C.3.).